UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES WATKINS,<br><br>                Plaintiff<br><br>v.<br><br>ITM RECORDS, et al.,<br><br>                Defendants. | **DOCUMENT ELECTRONICALLY FILED**<br><br>Civil Action No. 14-1049-JLS |

**DEFENDANT AOL INC.'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant AOL INC. ("AOL")[1] respectfully submits this Reply Memorandum of Law to support its Motion to Dismiss ("Motion") Plaintiff's Complaint as to Defendant AOL only, for the following reasons:

I. **INTRODUCTION**

Plaintiff's Opposition concedes what the Complaint demonstrates – that Plaintiff cannot allege any specific, individualized allegations of wrongful conduct by AOL and that Plaintiff did not, and cannot, identify how, when and where any alleged misconduct occurred. Plaintiff's inability to make these allegations is fatal to his Complaint because individualized allegations against each defendant and a clear delineation of the timeframe for the alleged wrongful conduct are requirements for Plaintiff's copyright and related claims. *E.g., Douglas v. Kimberly-Clark Corp*, No. 92-3394, 1992 U.S. Dist. LEXIS 11060 at *2 (E.D.Pa. July 29, 1992) citing *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa. 1979), aff'd without op., 612 F.2d 572 (3d Cir. 1979);

---

[1] The summons names "AOL.com" as the defendant while the Complaint lists "AOL, Inc." AOL Inc. presumes this discrepancy was an oversight. By responding as AOL Inc., AOL does not intend to waive any rights or defenses.

Fed. R. Civ. P. 8(a)(2). Because Plaintiff did not aver what specific acts AOL committed nor the dates and times of those purported acts, Plaintiff has not pled a short and plain statement of the claim showing he is entitled to relief from AOL under Federal Rule of Civil Procedure Rule 8. Fed. R. Civ. P. 8(a)(2). Plaintiff's claim accordingly fails.

## II. ARGUMENT

### A. AOL's Motion to Dismiss Should Be Granted Pursuant to Rule 8 for Failure to State a Clear and Plain Statement of Claims

Under Rule 8, a complaint "shall contain... a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff does not try to comply with Rule 8(a)'s pleading requirements. In the Opposition, Plaintiff makes two arguments to counter the dismissal mandated by this rule. First, Plaintiff contends that the vague generalized allegations against all defendants are specific enough to state a claim against AOL. Second, Plaintiff argues the timeframe of the generalized allegations is sufficiently defined by the applicable three year statute of limitations. Both arguments fail.

To satisfy Rule 8 pleading requirements in a copyright infringement claim in the Third Circuit, the plaintiff must specify by what acts and during what time defendant infringed the copyright. *Douglas,* 1992 U.S. Dist. LEXIS 11060 at *2. But if a Plaintiff fails to adequately plead this element of a copyright infringement claim, the complaint may be held to be defective. *Douglas,* 1992 U.S. Dist. LEXIS 11060 at *3-6 (granting motion to dismiss where Plaintiff had not provided the times or dates on which defendant allegedly infringed the copyright); *Levey,* 2013 U.S. Dist. LEXIS 90178 at *19 (dismissing plaintiff's claim of infringement where plaintiff had not demonstrated by what specific acts and during what time Defendants infringed the copyright). Plaintiffs who lump defendants together without making specific allegations as to each of them also fail to satisfy this critical copyright element. *See Jacobs v. Carnival Corp.,* 06

2

Civ. 0606, 2009 U.S. Dist. LEXIS 31374 at *14 (S.D.N.Y March 25, 2009) (dismissing complaint and finding plaintiff's blanket allegations of infringement against other defendants indicates that plaintiff's pleadings failed to allege "during what time" the defendants infringed and failed to satisfy the fourth requirement); *Marshall v. McConnell*, 05-Civ. 1062, 2006 U.S. Dist. LEXIS 12319 at *13 (N.D. Tex. March 23, 2006); *Taylor v. IBM*, 54 Fed. Appx. 794 (5th Cir. 2002).

Plaintiff's Opposition wholly fails to satisfy this critical element of a copyright claim. Plaintiff neglects to provide a plain statement showing he is entitled to relief from AOL by making the necessary individualized allegations against each defendant and by specifying the date and time of any alleged wrongful conduct. Fed. R. Civ. P. 8(a)(2); *Vianix*, 2010 U.S. Dist. LEXIS 72632 at *10; *Douglas*, 1992 U.S. Dist. LEXIS 11060 at *2; *Marshall*, 2006 U.S. Dist. LEXIS 12319 at *13. The Complaint makes generalized allegations against all defendants, but identifies no misconduct AOL purportedly engaged in or any dates and times that AOL allegedly committed such actions. *See* Complt. ¶¶ 16, 19, 23-25, 27, 30, 34.

Although the Complaint avers that AOL and thirteen other defendants vaguely violated Plaintiff's copyright by "recording, mixing, mastering, distributing, selling, licensing, and/or receiving revenue" from an album, "Intense" (the "Subject Album"), in the Opposition, Plaintiff admits AOL "did not record, mix, or master Plaintiff's music." Opp. p. 6. Instead, Plaintiff now alleges AOL sold or distributed "Intense." But Plaintiff failed to state this allegation clearly against AOL individually in the Complaint. *E.g.*, Complt. ¶ 16. Plaintiff also claims that AOL sold his music without a license over the Internet. By definition, any alleged online sales of his album would have occurred publicly and been visible by anyone with a connection to the

Internet. And yet Plaintiff did not specifically allege a single sale of his album by AOL. *E.g.,* Complt. ¶¶ 16, 19, 23-25, 27, 30, 34.

Plaintiff likewise admittedly failed to specify a time or date when an infringing sale or distribution occurred. Opp. p. 6. In the Opposition, Plaintiff acknowledges the time and date information is available through investigation but failed to conduct the requisite investigation prior to filing the Complaint. Opp. pp. 6-7. Plaintiff also attempts to define the scope of the timeframe of the infringement by the statute of limitations. Plaintiff cites no authority for shirking its duty to investigate[2] and adequately plead the timeframe or for relying on a long three year statute of limitations to define the period when the copyright infringement allegedly occurred. Under Rule 8, AOL is entitled to a more definite description of the alleged misconduct and timeframe for the purported wrongdoing. Absent more specific and individualized allegations regarding AOL's conduct and the time period for that conduct, AOL lacks sufficient notice of or how to defend Plaintiff's claim. The Complaint must be dismissed as too indefinite as a matter of law. *See, e.g., Marshall*, 2006 U.S. Dist. LEXIS 12319 at *13.

### B. AOL's Motion Should Be Granted As to Counts 3 and 4 Because They Do Not Assert any Causes of Action

The third and fourth counts of Plaintiff's Complaint should also be dismissed since they assert remedies (e.g., injunctive relief, accounting, and constructive trust) and not causes of action. As a matter of law, the third and fourth counts are improper and should be dismissed. *See In re: Shop-Vac Mktg. & Sales Practices Litig.*, 964 F. Supp. 2d 355, 367 (M.D. Pa. 2013); *Slemmer v. McGlaughlin Spray Foam Insulation, Inc.*, 955 F. Supp. 2d 452, 465 (E.D. Pa. 2013); *ClubCom, Inc. v. Captive Media, Inc.*, 2009 U.S. Dist. LEXIS 7960, *39-40 (W.D. Pa. Jan. 31,

---

[2] Plaintiff and counsel's failure to diligently investigate Plaintiff's claim before filing this suit raises other material issues – however these will be the subject of another motion.

602314914v3

2009); *Chemtech Int'l, Inc. v. Chem. Injection Techs., Inc.*, 2005 U.S. Dist. LEXIS 6168, *11-12 (E.D. Pa. Apr. 12, 2005); *ClubCom, Inc.* 2009 U.S. Dist. LEXIS 7960, at *43 (W.D. Pa. Jan. 31, 2009).

Plaintiff does not refute or even address these rules or supporting authorities in the Opposition. Instead, Plaintiff merely argues that the remedies sought were "appropriate." But these remedies are not only inappropriate but legally invalid. *See* Mtn. p. 8. This impermissible manner of pleading mandates dismissal of these causes of action.

### III. <u>CONCLUSION</u>

WHEREFORE, Defendant AOL requests this Honorable Court grant its motion to dismiss Plaintiff's Complaint, and issue an Order in the proposed Order submitted with the Motion.

                        PILLSBURY WINTHROP SHAW PITTMAN LLP

By:   /s/ Kimberly Buffington
       Mark Litvack, Esq., *Pro Hac Vice*
       Matthew Stockwell, Esq.(Pa. Bar No. 310796)
       1540 Broadway
       New York, NY 10036-4039
       Phone: 212.858.1000
       Fax: 212.858.1500
       mark.litvack@pillsburylaw.com
       matthew.stockwell@pillsburylaw.com

       Kimberly Buffington, Esq., *Pro Hac Vice*
       725 South Figueroa Street, Suite 2800
       Los Angeles, CA 90017-5406
       Phone: 213.488.7100
       Fax: 213.629.1033
       kbuffington@pillsburylaw.com

       **Attorneys for Defendant**
       AOL INC.

Dated: July 3, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES WATKINS, | Civil Action No. 14-1049-JLS |
| Plaintiff | |
| v. | |
| ITM RECORDS, et al., | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Kimberly L. Buffington, counsel for defendant AOL Inc., hereby certify that a true and correct copy of Defendant AOL Inc.'s Reply Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint was duly served upon all parties on July 3, 2014 by ECF Filing, except for pro se defendant, who was duly served on July 3, 2014, by U.S. first class mail, postage prepaid, by causing same to be placed in the U.S. mail on said date.

Dated: July 3, 2014

/s/ Kimberly Buffington
Kimberly Buffington

602314914v3