IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES WATKINS, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 14-1049 |
| ITM RECORDS; AMAZON.COM, INC.; RELATIVITY MEDIA, LLC; BURN DIRECT, doing business as MEGAONLINESTORE; ULLI BLOBEL; WEST WIND PUBLISHING; CARUS-VERLAG, GmbH & Co KG; TRANS WORLD ENTERTAINMENT CORP, doing business as FYE; ZINK MEDIA, INC., doing business as DISCOGS.COM; ALL MEDIA NETWORK, LLC, doing business as ALLMUSIC.COM; AOL, INC.; WAL-MART STORES, INC., doing business as WALMART.COM; CADNOR LTD., doing business as NORTH COUNTRY AUDIO; and TOWER RECORDS, INC., | |
| Defendants. | |

## <u>ORDER</u>

**AND NOW**, this 8th day of July, 2014, upon consideration of Defendant

CadNor LTD's Motion to Vacate Judgment (Docket #36), it is hereby **ORDERED** that

the Motion is **DENIED**.[1]

**BY THE COURT**

**/s/ Jeffrey L. Schmehl**
Jeffrey L. Schmehl, J.

---

[1] The motion to vacate judgment is moot because no judgment has yet been entered against Defendant CadNor LTD in this matter. The Clerk's entry of default on the docket is automatic upon a plaintiff's request when a defendant has not filed a responsive pleading, but such an entry of default is separate from an actual default judgment. *See* Fed. R. Civ. P. 55. Even if Defendant CadNor LTD's motion is viewed as a request to vacate the Clerk's entry of default, it must still be denied because Plaintiff's request, the supporting declaration, and the docket indicate that Defendant CadNor LTD has not filed a responsive pleading. The Court further notes that the motion is void because it was ostensibly filed *pro se*, and "corporations and other artificial entities may appear in federal court only through counsel." *In re Olick*, 13-4109, 2014 WL 2979273 (3d Cir. July 3, 2014) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993)). Defendant CadNor must retain counsel to make any further filings.