IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WATKINS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 14-cv-01049 RAL |
| ITM RECORDS, et al | : | |
| Defendants. | : | |

**RICHARD A. LLORET**                                                                     July 23, 2015
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM AND ORDER

Before me is a motion to dismiss, or in the alternative, motion for summary judgment filed by Trans World Entertainment Corporation[1] ("TWE"). *See* Doc. No. 96 ["Def. Br."]. This motion to dismiss was filed in response to a complaint against TWE, alleging that the company is liable for copyright infringement. In his complaint, James Watkins, the copyright owner for a 1989 jazz/funk album "Intense," alleges that 14 defendants infringed on his copyright by "recording, mixing, mastering, distributing, selling, licensing, and/or receiving revenue from the Subject Album." *See* Complaint, Doc. No. 1, at ¶ 16. This complaint asserts claims on the grounds of copyright infringement for mechanical license and royalties (Count I), copyright infringement (Count II), injunctive relief (Count III), and a requests an accounting (Count IV). TWE, one of those defendants, filed a motion in response, asking me to dismiss this complaint for failure to state a claim.

In response, Watkins argues in his brief that his complaint meets the pleading standards under the Federal Rules. More importantly, he argues, "[TWE] relies upon its

---

[1] TWE regularly does business as "f.y.e.," a chain of stores selling movies, music, and other media.

1

[representatives'] Declaration which is based entirely on hearsay and not declarant's personal knowledge. It relies upon computer systems that are regularly purged, updated, and where information is always lost and found." *See* Doc. No. 109 ["Pl. Br."] at 6. This argument hinges on various affidavits provided by different corporate representatives that state the album in question was never sold by TWE, out of court statements clearly offered for their truth.

After careful review of the pleadings and record before me, I will grant TWE's motion to dismiss against Watkins, with leave for plaintiff to amend within 14 days from the date of this order. However, I will deny TWE's motion to convert this action to a summary judgment claim, because the supporting affidavits constitute inadmissible hearsay.

## Standard of Review

Federal Rule of Civil Procedure 8(a)(2) states that "a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a court may dismiss all or part of an action for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6).

TWE claims that the complaint does not adequately state a claim for relief, implicating *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.* at 556.

The Third Circuit Court of Appeals has made clear that after *Iqbal* "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler,* 578 F.3d at 210, *quoting Iqbal*, 556 U.S. at 678. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of *Twombly* and *Iqbal*:

> [f]irst, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Id.* at 210-11, *quoting Iqbal*, 556 U.S. at 679. The Court explained that "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed.

3

R. Civ. P. 8(a)(2)).

There are two required elements to make a claim for copyright infringement: ownership of the copyright and copying by the defendant. *Dam Things from Denmark, a/k/a Troll Co. ApS v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 561 (3d Cir. 2002). Proof of ownership may be established by attaching a copy of the Copyright Office registration. *See Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey*, 497 F.Supp.2d 627, 635 (E.D. Pa. 2007). "[A] complaint based on copyright infringement must allege: (1) which specific original works are the subject of the copyright claim; (2) ownership of the copyrights in those works; (3) registration of the works in question with the Copyright Office in accordance with 17 U.S.C. §§ 101 *et seq.;* and (4) by what acts the defendant infringed the copyright." *Key Consolidated 2000, Inc. v. Troost*, 432 F.Supp.2d 484, 488 (M.D. Pa. 2006).

## I. Watkins Fails to Satisfy *Iqbal's, Twombly's*, and *Fowler's* Pleading Requirements

The crux of TWE's argument hinges on the failures of the Plaintiff's complaint, highlighting various shortcomings with respect to each cause of action. In their brief, TWE notes the deficiencies found in the complaint, which fails to identify:

a specific act by TWE that violates Watkins's rights. Instead, Count I alleges:

- "defendants are liable to plaintiff, copyright holder, to pay mechanical royalties for defendants [sic] commercial exploitation of the songs appearing on ["Intense"],
- "defendants' failure to obtain a proper mechanical license from plaintiff WATKINS is a violation of Title 17," Compl. ¶ 22;
- "defendants are liable to plaintiff for failure to obtain a mechanical license," Compl. ¶ 23;
- "defendants' conduct is still violative of Title 17 . . . for failure by defendants to pay any compulsory license fees to plaintiff," Compl. ¶24; and
- "defendants are liable to plaintiff for all revenues generated

4

from the sales and licensing of all products and services containing plaintiff's songs." Compl. ¶ 25.

Counts II, III, and IV suffer from the same defect; not a single allegation mentions TWE or alleges a specific act by TWE.

*See* Def. Br. at 2-3. While Watkins responds with a number of citations to Third Circuit case law, those citations are outdated and fail to discuss the standards found in *Fowler*, *Iqbal*, and *Twombly*. *See* Pl. Br. at 4-5.

In assessing the first part of the test announced in *Fowler*, I must separate the factual and legal elements of the claim, taking the well-pleaded facts as true. *See* 578 F.3d at 210. Here, it is difficult to tease out precisely what allegations, even if accepted as true, explicitly mention conduct on TWE's part or allege improper acts by the company itself.[2] What's more, this lumping of different defendants together makes demonstrating a plausible claim for relief impossible. *See id.* at 210-11.

More importantly, these general allegations against 14 defendants make it impossible for me to home in on specific acts against any of the defendants, much less TWE. Any of these claims are founded on the type of cursory, bare allegations that *Fowler* cautions against. Count I alleges defendants' "are liable to plaintiff, copyright holder, to pay mechanical royalties for defendants commercial exploitation of the songs appearing on the Subject Album." Compl. ¶ 19. Count II makes a vague allegation of commercial exploitation of the Plaintiff's music. Compl. ¶ 28. Count III, which asks me

---

[2] There is also some support in treatises disfavoring a plaintiff from suing a number of different parties. This "lumping all defendants together with only general allegations is insufficient." *See* 6 PALTRY ON COPYRIGHT § 19:9. That section of the treatise, related to the discussion of multiple defendants in a copyright infringement action, also noted that "shotgun pleadings," the practice of lumping many defendants together in a single allegation, may require re-pleading. *See id.* (citing *Home Design Services, Inc. v. David Weekley Homes, LLC*, No. 2:06-cv-350-FtM-29DNF, 2007 WL 1080001 (M.D. Fla. April 9, 2007)).

to grant a preliminary injunction, states that the unlawful action on the count of the 14 defendants has cause "irreparable damage to the plaintiff." Compl. ¶ 30. Finally, Count IV requests a full accounting of "all of the defendants' revenues, from any and all sources derived." Compl. ¶ 34. This accounting targets such entities as Amazon.com, Wal-Mart, and AOL, Inc. Why a full accounting is necessary is unclear.

TWE is correct that these claims do "not identify a specific act by any defendant giving rise to the claims asserted." *See* Def. Br. at 2. Without more, this "shotgun pleading" aims at many defendants, but entirely misses its mark due to its lack of specifics. It is impossible to tease out discrete bad acts on TWE's part. I will grant the motion to dismiss without prejudice, permitting the plaintiff 14 days to amend his complaint.

## II. The Motion in the Alternative for Summary Judgment would be Inappropriate

In the alternative, TWE asks that I grant summary judgment "because there is no evidence that TWE ever sold or offered to sell 'Intense.'" Def. Br. at 9. In support of this statement, TWE relies on three attached affidavits. *See* Doc. No. 95, Exhibits 1-3. Watkins responds that these exhibits constitute "hearsay and not declarant's personal knowledge. It relies upon computer systems that are regularly purged, updated, and where information is always lost and found." *See* Pl. Br. at 6.

When deciding a motion for summary judgment, a court must view all facts and reasonable inferences in favor of the non-moving party. *See Troy Chem. Corp. v. Teamsters Union Local No. 408*, 37 F.3d 123, 125 (3d Cir. 1994). An issue of material fact is considered genuine if the evidence suggests that a reasonable jury might return a verdict in favor of a nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986). Crucial to this point is that a non-moving party need not produce evidence that would be admissible at trial to avoid summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, Federal Rule of Civil Procedure 56(e) permits a summary judgment motion to be opposed by any of the evidentiary material listed in 56(c)[3] beyond the pleadings themselves. *Id.* Another contour of that rule allows for a party to demonstrate "that the materials cited do not establish the absence or presence of a genuine dispute, *or that an adverse party cannot produce admissible evidence to support the fact.*" *See* Fed. R. Civ. P. 56(c)(1)(B) (emphasis added). Plaintiff is correct that this information provided in Exhibits 1-3 constitutes inadmissible hearsay on a number of grounds.

For instance, the foundation requirements of Fed. R. Evid. 803(6) have not been established. *See* Pl. Br. at 6; *compare* Doc. Nos. 95-1, 95-2, and 95-3 *with* Fed. R. Evid. 803(6)'s elements (a record (1) made at or near the time of the event (2) by someone with knowledge, or from information transmitted by someone with knowledge, (3) as a regular practice of the business, (4) kept in the course of a regularly conducted business activity, (5) all of which is shown by a custodian or other qualified witness or by a certification satisfying Fed. R. Evid. 902(11)). Neither has defendant established the foundation required under Fed. R. Evid. 803(7) (absence of a record of a regularly conducted activity). Nor has the defendant established that the records are purely machine generated, which might exempt them from the definition of hearsay in Fed. R. Evid. 801. *See United States v. Khorozian*, 333 F.3d 498, 506 (3d Cir. 2003) (fax header

---

[3] According to that rule, a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by: citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." *See* Fed. R. Civ. P. 56(c)(1)(A).

7

was machine generated and therefore not a "statement"); *United States v. Washington*, 498 F.3d 225, 231-32 (4th Cir. 2007) (phone records generated by machines were not "statement" and therefore not hearsay); *United States v. Hamilton*, 413 F.3d 1138, 1142-43 (10th Cir. 2005).

The moving party has not produced admissible evidence supporting its request. While the documentation in the record suggests that TWE may not have sold "Intense" during the statutorily-defined three-year period, it is not enough to simply attach documents to an affidavit. The evidence must be admissible, and the moving party bears the burden of demonstrating that the evidence is admissible by establishing the proper evidentiary foundations. I will deny the request to convert this motion to summary judgment.  It is

### ORDERED

that further discovery between the defendant, TWE and the plaintiff is stayed. TWE's Motion to Dismiss (Doc. No. 96) **is granted.**

**IT IS FURTHER ORDERED** that Plaintiff shall have **14 days** from the date of this order to re-file his complaint in accordance with this opinion. TWE's request to convert its motion to dismiss the complaint, or, in the alternative, to a motion for summary (Doc. No. 95) judgment **is denied**.

BY THE COURT:

*s/Richard A. Lloret*
**RICHARD A. LLORET**
**UNITED STATES MAGISTRATE JUDGE**